UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAY BARRINGER,

    Petitioner,

v.                                Case No. 8:20-cv-1607-T-02AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## O R D E R

Mr. Barringer, a Florida prisoner, initiated this action in the Eleventh Circuit Court of Appeals by filing a petition for a writ of habeas corpus challenging a conviction for sexual battery on a child entered in Pasco County, Florida (Doc. 1). The petition was transferred to the United States District Court, Northern District of Florida (*Id*., docket p. 16). After Mr. Barringer filed an amended petition (Doc. 16), it was transferred to this Court (Doc. 22).

Because the amended petition was filed after the enactment date of the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), it is governed by the provisions thereof. *See Wilcox v. Singletary*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). The AEDPA contains several habeas corpus amendments, one of which established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts, *see* 28 U.S.C. § 2244(b). *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 641-42 (1998). Section 2244(b) provides, in pertinent part, that before a second or successive application for habeas corpus relief is "filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Mr. Barringer previously sought federal habeas relief in this Court regarding the conviction he challenges in this action. *See Barringer v. Secretary, Department of Corrections*, No. 8:14-cv-384-T-33TBM (M.D. Fla.) (petition dismissed February 18, 2014).[1] Therefore, the instant petition is successive. Consequently, pursuant to 28 U.S.C. § 2244(b)(3), Mr. Barringer was required to obtain authorization from the Eleventh Circuit Court of Appeals prior to initiating this action. *See Medina v. Singletary*, 960 F.Supp. 275, 277-78 (M.D. Fla. 1997) (and cases cited therein). He has not, however, shown that the court of appeals has authorized this Court to consider his petition. Accordingly, this Court is without jurisdiction to consider the petition,[2] and this case must be dismissed to allow Mr. Barringer the opportunity to seek said authorization.

It is therefore **ORDERED** that:

1. The amended petition (Doc. 16) is **DISMISSED** without prejudice.

2. The motions to appoint counsel (Docs. 19, 21) and for a hearing (Doc. 20) are **DENIED** as moot.

3. The **Clerk** is directed to send Mr. Barringer the Eleventh Circuit's application form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b) and close this case.

**DONE and ORDERED** in Tampa, Florida, on July 16, 2020.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

---

[1] Mr. Barringer filed subsequent habeas petitions that were dismissed as unauthorized successive petitions. See, e.g., Case Nos. 8:14-cv-2244-T-33TGW (M.D.Fla), 8:15-cv-1294-T-33TBM (M.D.Fla.), and 8:16-cv-2733-T-33AAS (M.D.Fla.).

[2] *See Wells v. AG*, 2012 U.S. App. LEXIS 7542, at *4 (11th Cir. Apr. 16, 2012) (unpublished) (district court must dismiss second or successive § 2254 petition for lack of jurisdiction unless the prisoner has obtained an order from court of appeals authorizing the district court to consider it).